UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TONYA A. VANOVER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:13-CV-312 RLM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Tonya Vanover seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 423 and 1381. The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the court affirms the Commissioner's decision.

Mrs. Vanover asserted disability on or before November 30, 1998 due to various physical and mental impairments. In 2012, an administrative hearing was held, at which Mrs. Vanover was represented by counsel. Administrative Law Judge Warnecke Miller entered an unfavorable decision, and Mrs. Vanover challenged that decision by filing a timely request for Review of Hearing Decision. The Appeals Council denied her request for review on September 9, 2013.

In evaluating Mrs. Vanover's disability claim, the ALJ considered the documentary evidence, together with testimony from Mrs. Vanover, her husband, and vocational expert Pamela Witham. Applying the agency's standard five-step analysis, 20 C.F.R. § 404.1520, the ALJ found that Mrs. Vanover:

    (1) met the insured status requirements of the Social Security Act through June 30, 2005;

    (2) had engaged in substantial gainful activity after her alleged onset date;

    (3) had severe impairments of interstitial cystitis; obesity; bipolar disorder; depression; inflammatory/irritable bowel syndrome; and disorders of the spine;

    (4) didn't have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); and

    (5) had the physical residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with some limitations.[1]

---

[1] The ALJ concluded that Mrs. Vanover "can never climb ladders, ropes, or scaffolds," "must avoid workplace hazards such as the operational control of moving machinery, unprotected heights, and slippery or uneven surfaces," "cannot understand, remember, or carry out detailed instructions, is limited to redundant tasks that do not require frequent decision-making, cannot tolerate sudden or unpredictable workplace changes, and requires a pace that is limited to goal

The ALJ concluded that Mrs. Vanover wasn't disabled within the meaning of the Act. When the Appeals Council denied her request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. Sims v. Apfel, 530 U.S. 103, 107 (2000); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

I. STANDARD OF REVIEW

The issue before the court isn't whether Mrs. Vanover is disabled, but whether substantial evidence supports the ALJ's decision that she is not. Scott v. Astrue 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Similia v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000), but must "conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ

---

oriented standards, rather than a production pace rate (meaning no fast paced work)." Rec., at 25.

isn't required "to address every piece of evidence or testimony present, [s]he must provide a 'logical bridge' between the evidence and the conclusion so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review."Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010).

II. DISCUSSION

Mrs. Vanover challenges the ALJ's decision in two respects: she claims the ALJ improperly overemphasized her daily activities and the ALJ failed to incorporate her limitations that result from her asthma.

*A. Daily Activities*

Mrs. Vanover says the ALJ ignored the fact that her conditions of interstitial cystis, irritable bowel syndrome, and poor mental health are ones that "flare up," so that she can perform activities on a good day "does not mean that [she] can engage in regular and continuous employment." Pltf. Memo., at 20.

An ALJ can consider a claimant's daily activities in deciding whether an individual is disabled, 20 C.F.R. § 404.1529(c), recognizing that "a person's ability to perform daily activities, especially if that can be done only with significant limitations, does not necessarily translate into an ability to work full-time." Roddy v. Astrue, 705 F.3d 631, 639 (7th Cir. 2013).

4

The ALJ's decision contains a review of Mrs. Vanover's daily activities and an in-depth overview of Mrs. Vanover's medical records, credibility, testimony, and behavior at trial. In reviewing the evidence, the ALJ first noted that the state agency psychologists determined that Mrs. Vanover was "only mildly limited in her abilities to engage in activities of daily living," Rec., at 24, based on her report to Robert Walsh, Ph.D. at a March 2010 evaluation that she "did chores such as cooking, cleaning and laundry, but not 'like she should'," and her report to Dr. Sayed Wahezi at a consultative examination in May 2010 that she "swept, shopped, mopped, vacuumed, did dishes and cooked." Rec., at 24. The ALJ concluded that the state agency's psychologists' determinations were entitled to significant weight. *See* Rec., at 35 ("[T]he state agency psychologists' determinations are consistent with the medical evidence, which reflects sporadic treatment and few functional limitations.").

The ALJ reviewed in detail the medical evidence relating to Mrs. Vanover's diagnoses of interstitial cystitis and irritable bowel syndrome, Rec., at 28-33, and concluded that that evidence was (i) "notable for physical examinations that generally did not show [Mrs. Vanover] to be in acute distress, [showed] relatively few abnormalities, and especially non-persistent abnormalities;" (ii) "notable in that the diagnostic tests have not shown significant abnormalities that would generally be present for a patient who had the debilitating pain and extreme functional limitations that [she] alleges;" and (iii) supports Mrs. Vanover's

testimony "that her irritable bowel symptoms are under control when she is not under stress, eats right, and takes her medications." Rec., at 33. The ALJ stated that she was including residual functional capacity limitations to help reduce the amount of stress Mrs. Vanover would need to deal with, afford flexibility in the timing of "off task" time, and accommodate bathroom breaks she might need. Rec., at 33.

The ALJ also found that Mrs. Vanover's testimony that pain and depression limit her daily activities wasn't "fully credible" based on Mrs. Vanover's additional testimony that she reads, plays X-box, watches television, frequently sews, washes dishes, makes supper, does laundry, and is able to handle money. Rec., 24, 28. Moreover, the ALJ found that Mrs. Vanover's report of daily activities at the hearing wasn't supported by her behavior as she appeared to be in no physical pain during the hearing, sat comfortably for nearly an hour, and only once took a short two minute restroom break. In addressing Mrs. Vanover's mental health condition, the ALJ considered testimony from Mrs. Vanover and her husband about her daily activities, her medical history and treatment records, and the conclusions of state psychologists that her mental impairments didn't reach the level complained of by Mrs. Vanover.

Mrs. Vanover points to no specific places in the record where the ALJ overemphasized her daily activities, and the court has found none. Mrs. Vanover isn't entitled to a remand based on her claim in this regard.

*B. Asthma Condition*

Mrs. Vanover further contends the ALJ erred by failing to incorporate any limitations relating to her asthmatic condition into the combined impact of all her impairments. She claims the ALJ's "failure to recognize asthma as an impairment, and its corresponding limitations, requires remand." Pltf. Memo., at 21.

This is the evidence Mrs. Vanover cites in support of her statement that she suffers from asthma and has been treated over the years with Flovent, Singulair, and Allegra:

– February 10, 2004 consultation notes of [unreadable signature] of Caylor-Nickel Clinic, Bluffton, Indiana. Reason for consultation reported as abdominal pain, adhesions. Medication list includes Allegra. Rec., at 407.

– November 22, 2005 Health Record from GI Clinic at Madigan Army Medical Center, Tacoma, Washington. Reason for consultation reported as abdominal pain; past reported medical history included allergic rhintis[2]; physical findings were that her lungs were clear with

---

[2] Allergic rhintis is defined as follows: "Allergic rhintis (hay fever) is the result of an exaggerated defensive response to inhaling (breathing in) a foreign substance such as pollen, mold, tobacco smoke, animal dander, or components of household dust, specifically dust mites. The allergic response causes a release of many chemicals, including histamine (a body chemical released during an allergic reaction), which increases blood flow to the nasal membranes, causing nasal congestion and an excess production of mucus." THE AMERICAN MEDICAL ASSOC. COMPLETE MEDICAL ENCYCLOPEDIA (Jerrold B. Keikin, M.D. & Martin S. Lipsky, M.D. eds., 2005), at 1078.

no wheezing or rhonchi; medication list includes Flovent, taken at bedtime. Rec., at 572.

– August 29, 2006 notes of Dr. Wendy Walmsley of Markle Medical Center. Diagnosis: mild sinusitis, with notation that Mrs. Vanover "wishes to be back on Singulair." Rec., at 454.

– September 17, 2006 notes of Brian Stogdill, M.D. of Bluffton Regional Medical Center. Reason for consultation: abdominal pain and vaginitis; "Past Medical History" lists asthma, and "Admitting Medications" include Singulair. Rec., at 411.

– September 17, 2006 notes of Mark Bradley, M.D. of Bluffton Regional Medical Center. Chief complaint: abdominal pain; "Past Medical History" includes asthma; "Admitting Medications" include Singulair. Rec., at 471.

Mrs. Vanover claims the ALJ "ignored the entire line of evidence concerning asthma," but she hasn't cited any medical records detailing any treatment(s) she received for asthma, no medical records documenting the disabling effects of her asthma alone or in combination with any other condition, or any evidence that would support a finding that she is disabled or would be unable to work because of an asthmatic condition. Mrs. Vanover made no mention of her asthma or a disabling asthmatic condition while testifying at the March 2012 hearing, and her attorney didn't question her or her husband about that condition.

Mrs. Vanover hasn't presented any argument about how her asthma qualifies as an impairment or how her asthma would affect her ability to work. "A written evaluation of every piece of testimony and submitted evidence is not required," Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir 1989), especially where, as here, the plaintiff hasn't specified the "line of evidence" she claims contains information the ALJ should have considered with respect to her asthmatic condition. Thus, the ALJ's exclusion of asthma from consideration in his RFC finding doesn't require remand.

III. CONCLUSION

Mrs. Vanover suffers from more than her share of physical problems, but that isn't the issue this court decides. Based on a review of the record, the court concludes that the ALJ properly weighed Mrs. Vanover's daily activities when making a determination that she was not disabled. Additionally, Mrs. Vanover hasn't pointed to any evidence in the record that the ALJ ignored or that would support a finding that asthma impaired her ability to work. Because the ALJ's review of the hearing testimony and medical evidence in the record includes the ALJ's consideration of the evidence that supports, as well as detracts from, her decision, the court AFFIRMS the final decision of the Commissioner of Social Security.

SO ORDERED.

ENTERED:   December 2, 2014

                                  /s/ Robert L. Miller, Jr.
                                Judge, United States District Court